982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Keithian L. ARNOLD, Appellant,
v.
RESOLUTION TRUST CORPORATION, as Receiver for Community
Federal, Appellee.
 No. 92-2450.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 14, 1992.
Filed: December 22, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keithian L. Arnold appeals from the district court's[1] grant of summary judgment for defendant on his Title VII claim. We affirm.
 
 
 2
 On May 8, 1989, Arnold, an African-American male, filed a complaint with the EEOC, claiming that Community Federal Savings and Loan[2] discriminated against him because of his race. The EEOC determined that defendant had not violated Title VII, and on February 14, 1991, Arnold filed this action, claiming that Community Federal's decision not to hire him for three auditing positions was based on his race and sex. Arnold alleged that he had a bachelor's degree in accounting; advertisements for the jobs did not make related work experience a requirement; and defendant's decision to hire applicants with such experience had a disparate impact on blacks. He also alleged that he had been informed by someone at the EEOC's office that defendant had no blacks in their auditing department. He requested an auditing job or backpay, and damages.
 
 
 3
 In March 1991, a day after being substituted as defendant, the RTC answered Arnold's complaint, denying his allegations. Arnold moved for default judgment, alleging that the RTC's answer was filed eight days late. He also moved to disqualify Judge Gunn from the case because the judge had previously dismissed a discrimination claim Arnold brought against Germania Bank. The court summarily denied his motions for default and disqualification.
 
 
 4
 The RTC moved for summary judgment, arguing that Arnold failed to exhaust his claim of sex discrimination as required by Title VII, and he did not make a prima facie case of race discrimination. Noting that Arnold did not dispute that the applicants who were hired had related work experience that he did not have, the RTC submitted Arnold's application and resume as well as those of the applicants who were hired. The RTC filed its reply to Arnold's first set of interrogatories, contending it could not answer several of the questions because it did not have copies of exhibits referred to in the questions. Arnold moved for summary judgment on the basis that defendant had not served him with answers to his interrogatories. He did not respond to the RTC's summary judgment motion, which the court subsequently granted.
 
 
 5
 On appeal, Arnold argues that the district court erred by granting the RTC's motion for summary judgment and by denying his motions for default and disqualification. He contends that the fact that there were no blacks in Community Federal's auditing department showed that defendant's hiring practices had a disparate impact on blacks.
 
 
 6
 The district court correctly determined that summary judgment was warranted because Arnold failed to show an inference of race discrimination. See White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (per curiam) (summary judgment appropriate when plaintiff fails to respond to defendant's showing of no genuine issue that would raise inference of discrimination). Arnold never countered defendant's contention that the decision to hire the other applicants was based on the fact that they had related work experience. Defendant's decision was thus based on a legitimate business reason and does not raise an inference of discrimination.
 
 
 7
 The district court also correctly determined that summary judgment was warranted if Arnold's claim is interpreted as one of disparate impact. Arnold made no showing that defendant's decision to hire applicants with related work experience had a significantly disparate impact on blacks or was not justified by legitimate employment goals. See Bradley v. Pizzaco of Neb., Inc., 939 F.2d 610, 612 (8th Cir. 1991) (Title VII forbids employment practices with significant disparate impact on blacks unless practice is justified by legitimate employment goals), cert. denied, 112 S. Ct. 933 (1992).
 
 
 8
 The district court did not abuse its discretion by denying Arnold's motion for default judgment. See Swink v. City of Pagedale, 810 F.2d 791, 792 (8th Cir.), cert. denied, 483 U.S. 1025 (1987). The RTC's filing of its answer eight days late does not rise to a clear pattern of "delay or contumacious conduct" that would justify an entry of default judgment. See Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988). Finally, the district court did not abuse its discretion by denying Arnold's motion to disqualify Judge Gunn. See Gray v. University of Ark., 883 F.2d 1394, 1398 (8th Cir. 1989). In support of his claim of bias, Arnold points only to the judge's decision to dismiss a prior complaint he filed in another case. Unfavorable judicial rulings, however, are "insufficient to require disqualification absent a showing of 'pervasive personal bias and prejudice.' " Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992) (quoting Davis v. Commissioner, 734 F.2d 1302, 1303 (8th Cir. 1984) (per curiam)).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Resolution Trust Corporation (RTC) was appointed receiver for Community Federal on December 14, 1990. The district court substituted RTC as defendant on March 28, 1991