**Rodney Glen KING, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondent.**

**City of Los Angeles, et al., Real Parties in Interest.**

No. 93–70994.

United States Court of Appeals, Ninth Circuit.

Feb. 2, 1994.

Milton C. Grimes, Santa Ana Heights, California, for the petitioner.

No appearance on behalf of respondent or real parties in interest.

Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

**ORDER**

Rodney King has filed a petition for a writ of mandamus seeking to have Judge John G. Davies disqualified from presiding at the trial of his civil damage action against the City of Los Angeles and the officers involved in his beating. We deny his petition.

 The statutory provision underlying King's mandamus petition, 28 U.S.C. § 455(a), states that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned." Recusal ordinarily is required "only if the bias or prejudice stems from an extrajudicial source," and not from a judge's conduct or rulings during the course of judicial proceedings. *Pau v. Yosemite Park and Curry Co.,* 928 F.2d 880, 885 (9th Cir.1991).

■ Petitioner does not claim that an extrajudicial source has biased Judge Davies. Rather, his claim for relief is based on the pervasive bias exception, which is applicable when the petitioner shows that "a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *United States v. Monaco,* 852 F.2d 1143, 1147 (9th Cir.1988), *cert. denied,* 488 U.S. 1040, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989). Petitioner contends that this exception applies to in-court statements made in earlier proceedings that indicate a view on issues that will arise in a pending proceeding. He also contends that, so construed, the exception would be applicable here.

This court has not yet considered whether this exception is applicable in cases in which the alleged bias consists of statements other than those reflecting personal animosity or prejudice. Other circuits have rejected petitioner's theory. *Davis v. CIR,* 734 F.2d 1302, 1303 (8th Cir.1984); *United States v. Sims,* 845 F.2d 1564, 1570 (11th Cir.), *cert. denied,* 488 U.S. 957, 109 S.Ct. 395, 102 L.Ed.2d 384 (1988). Under these circumstances, we cannot say that the district court's refusal to recuse itself is clearly erroneous. *See Bauman v. United States District Court,* 557 F.2d 650, 654–55 (9th Cir. 1977); *In re Cement Antitrust Litigation,* 688 F.2d 1297, 1305 (9th Cir.1982).

Accordingly, the petition is DENIED.

1. *See Gladstein v. McLaughlin,* 230 F.2d 762 (9th Cir.1955). *See also, Matter of Mason,* 916 F.2d 384, 385 (7th Cir.1990); *In re Allied–Signal,* 891 F.2d 967, 969 (1st Cir.1989).

2. The petition requests that we order Judge Davies to recuse himself. As our order indicates, a district judge has a statutory obligation to do so *sua sponte* in the circumstances described in 28 U.S.C. § 455(a). In addition, a party to an action may move for recusal in the district court

REINHARDT, Circuit Judge, specially concurring:

While I concur fully in the court's order, I believe that a fuller explanation of my reasons for doing so may be of some benefit.

Mandamus is an extraordinary writ. We do not grant relief simply because a district court commits an error, even one that would ultimately require a reversal on appeal. Rather, we apply a stringent five-factor test, a key part of which involves the question whether the error is "clear." *See Bauman v. United States District Court,* 557 F.2d 650, 654–55 (9th Cir.1977); *In re Cement Antitrust Litigation,* 688 F.2d 1297, 1305 (9th Cir.1982) (*"Cement II "*). While mandamus is sometimes an appropriate method of reviewing a judge's refusal to recuse himself, in this case the clear error factor is not only important but controlling.[1]

In short, because the law with respect to recusal is insufficiently clear to permit us to say on the basis of the record before us that Judge Davies' refusal to recuse himself is *clearly erroneous,* the standards for granting an extraordinary writ are not met.[2]

I should note, however, that even though I cannot conclude that Judge Davies' action constitutes *clear error,* the question is a close one. Its outcome depends on how the courts ultimately construe the nature of a rule that has only recently been adopted in this and other circuits.

The relevant facts are as follows: *United States v. Koon,* 833 F.Supp. 769 (1993), CR 92–686, was the criminal proceeding that arose out of the beating of Rodney King. That trial involved the identical factual issues that are involved in the pending civil trial. Judge Davies' on-the-bench statements in *Koon* strongly suggest that he has reached firm conclusions about the principal issues in

pursuant to 28 U.S.C. § 144. Under that provision, the recusal motion is heard by a different judge. Here, King's motion was heard and denied by District Judge Wm. Matthew Byrne. If Judge Davies *is* obligated by law to recuse himself, both his failure to do so and Judge Byrne's ruling were erroneous. For clarity, in the text I discuss the matter solely in terms of Judge Davies' refusal, although the issues with respect to Judge Byrne's order are identical.

the pending civil case, especially the crucial factual issues that underlie Rodney King's claim for damages. Although King was a witness at that trial, he was not a party and did not have the opportunity to obtain discovery, cross-examine witnesses or put on the affirmative case he might have thought most advantageous. Under these circumstances, the law may well require that in order to preserve "the appearance of fairness" another judge should preside over the civil trial.

I want to make it clear that I do not mean to imply in any way that Judge Davies should be recused because the conclusions he has reached were arrived at unfairly or even that they are incorrect. Nor do I mean to suggest that the sentiments he has expressed are the product of any personal prejudice or animosity against Rodney King. To the contrary, I believe that Judge Davies is a fairminded individual, and that the conclusions and decisions he announced during the course of the criminal proceedings were based solely on what he heard and saw during the criminal trial. They reflected his best judgment as an experienced trial judge. However, the fact that Judge Davies reached his judgments in a fair and impartial manner is not what matters here. The important point is that there is an appearance that he is possessed of firm opinions regarding the merits of virtually every important factual issue underlying King's civil claim. Thus, it appears likely that he has consciously or subconsciously made up his mind on the ultimate merits of that claim as well. Under these circumstances the public might well have cause seriously to question the fairness of the civil proceedings. Accordingly, it is necessary to examine carefully the governing statutory provision.

As our order states, the statutory provision underlying King's mandamus petition, 28 U.S.C. § 455(a), provides that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This does not mean that ordinary rulings and statements from the bench constitute a basis for recusal—the statements and rulings, taken together, must cause a reasonable member of the public to question the fairness of the proceeding. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir.1993). Indeed, recusal *ordinarily* is required "only if the bias or prejudice stems from an extrajudicial source," and not from a judge's conduct or rulings during the course of judicial proceedings. *Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 885 (9th Cir.1991). In fact, judges frequently hear two or more cases with overlapping issues both factual and legal. There is rarely a problem of bias in these cases, even though the judge may have made numerous rulings in the first of the proceedings to come before him. Partly this is because disqualification cannot be based on the fact that a judge has previously ruled on a *legal issue* that happens to arise again in a case subsequently assigned to him. Partly it is because we expect judges to be able to reexamine conclusions they have reached when they are presented with new evidence that would lead to a contrary result.

Nevertheless, we have made it clear that there is an exception to the general rule that courtroom statements are not enough to warrant recusal and that *"extrajudicial"* bias is required. That exception is applicable when the petitioner can demonstrate through expressions of opinion and rulings made *in the course of judicial proceedings* that the bias is "pervasive." *United States v. Monaco*, 852 F.2d 1143, 1147 (9th Cir.1988) (An exception to the extrajudicial bias rule is made "when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party.").[3]

In *Monaco* we did not describe or define the type or nature of the "pervasive bias" that would justify application of the excep-

---

3. Other circuits agree (*see United States v. Chandler*, 996 F.2d 1073, 1103 (11th Cir.1993); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir.1992); *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir.1987); *United States v. Rosenberg*, 806 F.2d 1169, 1174 (3d Cir.1986); *Davis v. CIR*, 734 F.2d 1302, 1303 (8th Cir.1984); *Hamm v.* *Members of Bd. of Regents of State of Florida*, 708 F.2d 647, 651 (11th Cir.1983)), and the Supreme Court recently granted certiorari in an Eleventh Circuit case to consider this issue. *See United States v. Liteky*, 973 F.2d 910 (11th Cir.1992), *cert. granted,* — U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 636 (1993).

tion. We merely adopted the exception without more. A few cases in other circuits have limited the pervasive bias rule to statements indicating personal animosity. *See Davis,* 734 F.2d at 1303; *United States v. Sims,* 845 F.2d 1564, 1570 (11th Cir.1988). However, so narrow an exception is inconsistent with the plain language of § 455(a), as well as with the purpose of that provision. Under the statute, recusal is required "in any proceeding in which [a judge's] impartiality might reasonably be questioned" by members of the public. That language would seem to dictate the conclusion that impartiality is lacking not only when a judge feels personal animosity toward a party but when a judge has for other reasons pre-determined the outcome of the case—and even when he has simply formed a strong opinion with respect to how the critical issues of fact should be decided.

Moreover, the statute clearly does not apply only when a judge *is* biased. The test is an objective one. We must look to how the judge's conduct appears to the public; in other words, we must consider the appearance of justice. A case like the one before us, in which the district judge has on an earlier occasion expressed firm convictions regarding the issues of fact that are critical to the outcome of the pending proceeding, is rare indeed. In such an unusual case, however, reasonable people could well conclude that the court has made up its mind. The appearance of judicial impartiality would appear to be threatened in such cases no less than in the other cases in which judges are required to recuse themselves.[4]

King provides us with examples of rulings and statements by Judge Davies that he contends reveal pervasive bias and prove that the judge has firm convictions regarding all of the important factual issues underlying the civil claim. They are as follows:

— Judge Davies curtailed discovery in the civil case because he found that discovery had been satisfied by the previous criminal trials, even though King did not participate as a party in those trials;

— Judge Davies made sympathetic statements about the defendants in the criminal case before him, including describing defendants as having "distinguished records of public service," despite his knowledge that each had been involved in at least one prior incident involving excessive force and falsification of reports to supervisors;

— Judge Davies excluded evidence of the officers' racist comments from the criminal trial;

— Judge Davies found the officers' offense to be *"de minimus"*;

— Judge Davies said that King had "no serious injuries" and that there was only one blow to the head or face (possibly "inadvertent").

— Judge Davies found that the beating was not a criminal violation until the last 19 seconds, where only six out of the 56 blows occurred;

— Judge Davies found Officer Koon sincere when Koon said he believed the beating was reasonable, and found also that Koon could reasonably have believed that King was armed and dangerous;

— Judge Davies found that "the incident would not have escalated to this point, indeed it would not have occurred at all, but for Mr. King's initial misconduct." [5]

Taken as a whole, these statements and rulings strongly suggest that Judge Davies has expressed firm conclusions regarding the factual issues that are critical to the outcome of King's civil trial, and that, as a result, his impartiality might reasonably be questioned.

---

**4.** This is not a case in which the same parties litigate the same issue in two different trials. Such a case would raise far different questions. Here, Judge Davies formed his views of the issues in a case in which, as noted earlier, Rodney King was not a party.

**5.** Before *issuing* a writ of mandamus we obtain a response to the petition. Here, because we are *denying* the writ my colleagues properly decided

not to do so. As a result, the defendants have not had an opportunity to dispute the factual assertions made by King. However, in the main, the assertions are simply objective representations of rulings or statements made by the trial judge and there is no apparent reason to doubt their accuracy. All assertions but the first refer to occurrences during the course of the criminal trial.

Judge Davies' decision in the criminal trial to exclude evidence of the officers' racist statements provides a prime example. A similar dispute regarding that evidence will undoubtedly arise during the civil trial, and the court's ruling on its admissibility could well have a substantial effect on the outcome, particularly with respect to damages. Judge Davies' finding that King had "no serious injuries" is even more directly related to the damage question, which is likely to prove the trial's most difficult. In fact, it is hard to conceive of a *factual issue* more critical to the damages question than the severity of King's injuries. A number of the other statements as to how, when, and why the various blows to King's head and body occurred, also indicate strongly that Judge Davies has expressed firm conclusions regarding the disputed issues of fact that are central to the civil action, and will be determinative of its outcome. If the courts conclude, as I believe we should, that the pervasive bias exception is not limited to cases involving personal animosity, the circumstances here may well meet the applicable criteria. Accordingly, while due to the unresolved nature of the law King's petition for mandamus relief may fall short of the rigorous legal standard applicable in extraordinary writ proceedings, it raises a serious legal question as to Judge Davies' continued participation in the civil trial.

Our denial of mandamus in a particular case in no way prejudices the petitioner's right to a full review on the issue on direct appeal. Here, if King is dissatisfied with the outcome of the trial, his claim of judicial bias will be subject to plenary review on direct appeal. *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 858, 108 S.Ct. 2194, 2201, 100 L.Ed.2d 855 (1988). If we conclude at that time that Judge Davies had a statutory obligation to recuse himself, we will be required to overturn the jury verdict. *Id.* At this stage of the proceedings, however, we must leave the resolution of the recusal issue to Judge Davies. He has the authority to reconsider his decision if he is in doubt as to the proper result. I am confident that, whatever determination he makes, he will decide the question solely on the basis of his perception of the law.