46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian D. CAREY, Plaintiff-Appellant,
v.
Steven JONES, Defendant-Appellee.
 No. 92-55428.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1994.*
Decided Jan. 5, 1995.
 
 Before: BROWNING, GOODWIN, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORNADUM**
 
 
 2
 Brian D. Carey appeals pro se the rulings of the district court in his breach of contract action to recover attorney's fees. Carey contends that the district court erred by 1) enforcing the settlement agreement between the two parties, 2) refusing to disqualify Judge Williams from hearing further proceedings in the case, and 3) refusing to allow substitution of counsel. We reject these contentions and affirm.
 
 
 3
 Carey's primary basis for challenging enforcement of the settlement agreement is that a conflict of interest allegedly existed between him and his attorney during the negotiation of the settlement. Even if a conflict existed, however, Carey waived the right to assert this claim by voluntarily retaining his attorney even though he knew of the alleged conflict at least a month before the settlement negotiation. See Int'l Sound Technicians, Local 695 v. Int'l Alliance, 611 F.2d 266, 269 (9th Cir.1979). Carey unreasonably delayed in requesting his attorney's disqualification. Id.
 
 
 4
 Carey's five additional challenges to enforcement of the settlement agreement are also meritless. Carey's argument that the district court was required to hold an evidentiary hearing to determine the validity of the settlement agreement has no merit, because Carey did not challenge either the existence or the terms of the settlement agreement. See Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987). Carey's argument that the district court settled the wrong case is not supported by any evidence. Finally, Carey has failed to show that the district court abused its discretion by 1) finding that Jones had timely fulfilled the terms of the settlement agreement even though Jones was technically one day late; 2) allowing Jones to use confidential court documents for the purpose of defending against a state court action filed by Carey; and 3) refusing to provide Carey with a transcript of the settlement negotiations. See Callie, 829 F.2d at 890 (district court's enforcement of the settlement agreement is reviewed for abuse of discretion).
 
 
 5
 With respect to Carey's second contention, that the district court erred by refusing to disqualify Judge Williams, we note that recusal is normally only required where the judge's bias stems from an extrajudicial source, not from a judge's conduct or rulings during a proceeding. King v. United States District Court, 16 F.3d 992, 993 (9th Cir.1994). An exception exists where a judge's remarks in a judicial context demonstrate pervasive personal animosity or prejudice constituting bias against a party. Id. Carey bases his request for recusal only on Judge Williams' comments in court regarding Carey's bad judgment in bringing the motion to set aside the settlement agreement. Judge Williams' comments were neither extrajudicial, nor were they demonstrative of personal animosity or prejudice towards Carey.
 
 
 6
 Carey's final contention on appeal is that the district court erred by refusing to allow substitution for his attorney with whom he allegedly had a conflict of interest. The district court refused this request because Carey failed to follow the local court rules in filing his motion for substitution. On appeal Carey fails to show how the district court's refusal was an abuse of discretion. See United States v. Fagan, 996 F.2d 1009, 1014 (9th Cir.1993) (denial of a motion to substitute counsel is reviewed for abuse of discretion). Accordingly, we find no error in the district court's ruling on this point.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3