103 F.3d 828
 96 Cal. Daily Op. Serv. 9388, 96 Daily Journal
D.A.R. 15,431
Pete WILSON, Joseph Sandoval, James Gomez, Nadim Khoury, and
John Zil, Petitioners,
v.
The UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
CALIFORNIA, Respondent,
Ralph Coleman, et al., Real Parties in Interest.
James GOMEZ, Nadim Khoury, Sylvia Blount, Clyde Murrey,
Daniel E. Thor, Eddie Ylst, Kenneth Shepard, Paul
Morentz, Douglas Arnold, and Bruce Baker
and their successors in
interest, Petitioners,
v.
The UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
CALIFORNIA, Respondent,
Jay Lee Gates, et al., Real Parties in Interest.
James GOMEZ, Director; Steven Cambra, Jr., Warden; Robert
Ayers, Chief Deputy Warden and Susann Steinberg,
Chief Medical Officer, Petitioners,
v.
The UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF CALIFORNIA, Respondent,
Alejandro Madrid, et al., on behalf of themselves and all
others similarly situated, Real Parties in Interest.
 Nos. 96-70640, 96-70687 and 96-70659.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Dec. 24, 1996.
 
 Daniel E. Lundgren, Attorney General of California, Bruce M. Slavin, Deputy Attorney General, San Francisco, CA, for petitioners.
 Susan Creighton, Palo Alto, CA, for real parties in interest in Nos. 96-70640 and 96-70659.
 Michael W. Bien, San Francisco, CA, for real parties in interest in No. 96-70687.
 No appearance for respondents.
 Appeals from the United States District Court for the Eastern District of California, Lawrence K. Karlton, District Judge, Presiding. D.C. Nos. CIV-S-90-0520-LKK, 87-1636 LKK.
 Appeal from the United States District Court for the Northern District of California, Thelton E. Henderson, District Judge, Presiding. D.C. No. C-90-3094 TEH.
 Before FLETCHER, FARRIS and TASHIMA, Circuit Judges.
 
 ORDER
 
 1
 These three cases involve the common issue of whether the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, Title I, § 101(a) [Title VIII, § 802(a) ], 110 Stat. 1321-66, codified at 18 U.S.C. § 3626, applies retroactively to limit the compensation of special masters appointed before the PLRA's effective date.[1] In each of these cases, petitioners seek a writ of mandamus commanding the district court to vacate its order holding, in substance, that § 802 does not apply retroactively to a special master appointed before the PLRA's effective date.
 
 The portion of the PLRA at issue provides:
 
 2
 The compensation to be allowed to a special master under this section shall be based on an hourly rate not greater than the hourly rate established under section 3006A for payment of court-appointed counsel, plus costs reasonably incurred by the special master. Such compensation and costs shall be paid with funds appropriated to the Judiciary.
 
 
 3
 18 U.S.C. § 3626(f)(4).[2] In these cases, the special masters' compensation is paid by petitioners and range from $90.00 to $250.00 per hour. The parties agree that the hourly rate established under 18 U.S.C. § 3006A is $75.00.[3] Thus, the remedy petitioners seek is to limit the special masters' compensation to $75.00 per hour and for such compensation to be paid by the courts, rather than petitioners.
 
 
 4
 Mandamus is an extraordinary remedy limited to "exceptional circumstances." Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273-74, 19 L.Ed.2d 305 (1967). We have long applied a stringent five-factor test to determine whether such exceptional circumstances are present. Petitioners must show: (1) They have no other adequate means to attain the relief they seek; (2) They will be damaged or prejudiced in a way not correctible on appeal; (3) The district courts' orders were clearly erroneous as a matter of law; (4) The orders are oft-repeated errors, manifesting persistent disregard for federal rules; and (5) The orders raise new and important problems or issues of law of first impression. Bauman v. United States Dist. Court, 557 F.2d 650, 654-55 (9th Cir.1977).
 
 
 5
 While no single factor is determinative and all five factors need not be satisfied, "it is clear that the third factor, the existence of clear error as a matter of law, is dispositive." Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1551 (9th Cir.1994) (citations omitted). However, we will not grant mandamus relief "simply because a district court commits an error, even one that would ultimately require reversal on appeal." King v. United States Dist. Court, 16 F.3d 992, 993 (9th Cir.1994)(Reinhardt, J., concurring). As we have said many times, the error must be "clear." E.g., Executive Software, 24 F.3d at 1551; King, 16 F.3d at 993; Washington Pub. Util. Group v. United States Dist. Court, 843 F.2d 319, 325 (9th Cir.1987).
 
 
 6
 Although a number of other courts have confronted the issue of the retroactivity of other provisions of the PLRA, there is no published precedent from any court other than respondent courts on the retroactive application of the special master provision. In reviewing § 3626(f)(4) and its legislative history under the retroactivity analysis of Landgraf v. USI Film Prod., 511 U.S. 244, ----, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994), we cannot say that the district courts' conclusion of non-retroactive application is clearly erroneous. Moreover, we are not convinced that the error petitioners contend the respondent courts have committed cannot be corrected on appeal if, indeed, error has been committed.
 
 
 7
 For the foregoing reasons, the petitions are DENIED.
 
 
 
 [1]
 No. 96-70687 also involves the additional issues of whether a "mediator" appointed pursuant to a consent decree in the underlying action is a "special master," as that term is used in the PLRA and, if so, whether a special master appointed pursuant to a consent decree is subject to the limitations of the PLRA. For convenience, we assume without deciding, that the mediator is a special master under the PLRA
 
 
 [2]
 The PLRA became effective on April 26, 1996, when it was signed by the President. Its "Application" subsection provides:
 Section 3626 of title 18, United States Code, as amended by this section, shall apply with respect to all prospective relief whether such relief was originally granted or approved before, on, or after the date of enactment of this title.
 Pub.L. No. 104-134, Title I, § 101(a) [Title VIII, § 802(b) ].
 
 
 [3]
 Although the court is aware that in death penalty habeas corpus cases, appointed counsel are compensated under § 3006A at hourly rates of $125.00 and $150.00 in several California districts, it is unnecessary to resolve the meaning of the term "the hourly rate established under section 3006A for payment of court-appointed counsel" in these cases