## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 17 2020, 9:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ronald D. Mitchell
Bunker Hill, Indiana

ATTORNEYS FOR STATE
APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR MEDICAL
APPELLEES

Carol A. Dillon
Christopher Andrew Farrington
Bleeke Dillon Crandall, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald D. Mitchell, <br> *Appellant-Plaintiff*, <br><br> v. <br><br> Indiana Department of Correction, Corizon Corrections Med Group, Inc, Michelle Goodpaster, Kathy Griffin, | July 17, 2020 <br><br> Court of Appeals Case No. 19A-CT-2265 <br><br> Appeal from the Miami Circuit Court <br><br> The Honorable Timothy P. Spahr, Judge |

| Barrack Meives, Tim Neff, David Rish, Shalana Seifert, and Major D. Tucker | Trial Court Cause No. 52C01-1710-CT-358 |
|---|---|
| *Appellees-Defendants.* | |

**Brown, Judge.**

[1] Ronald D. Mitchell appeals the trial court's entry of summary judgment in favor of the Indiana Department of Correction ("DOC") and four DOC employees including Superintendent Kathy Griffin, Lieutenant Barrack Meives, Major D. Tucker, and Sergeant David Rish (the "State Defendants"), as well as the entry of summary judgment in favor of Corizon Health Services, Inc. ("Corizon"), and Corizon employees Michelle Goodpaster, Shalana R. Seifert, and Tim Neff (the "Medical Defendants"). We affirm.

## *Facts and Procedural History*

[2] On November 27, 2017, Mitchell filed a "Jointly Filed Civil Complaint 42 U.S.C.S. 1983 & Indiana Tort Claim Complaint" in the Miami Circuit Court. Appellant's Appendix at 7. On December 18, 2017, the United States District Court for the Northern District of Indiana entered an order finding Mitchell filed the case in the Miami Circuit Court and the defendants removed it to the District Court, and stating that Mitchell could not litigate in its court because he is a restricted filer. *See* December 18, 2017 Order in Cause Number 3:17-CV-923-RLM-MGG. The court ordered that "[t]he defendants can't be made to

litigate federal claims in State court if they choose to remove them," "[t]he restriction that precludes Mr. Mitchell from litigating civil cases in this court doesn't preclude him from litigating state law claims in state court," and "[t]hese competing interests can be accommodated by dismissing the federal claims and remanding the state claims back to state court." State Defendants' Appendix Volume III at 25. The court dismissed the federal claims without prejudice and remanded the state claims to the Miami Circuit Court under cause number 52C01-1710-CR-358, the cause from which this appeal arises.

[3] On December 22, 2017, the Miami Circuit Court entered an order noting Mitchell submitted a one-page notice requesting that it preside over his federal claims, holding it could not and would not defy the federal court's order, and ordering that the case be reopened and that it would preside over only Mitchell's State claims. According to the chronological case summary, Mitchell filed an "Amended Jointly Civil Complaint, Indiana Tort Claim Including Indiana Americans with Disabilities Act Discrimination."[1] Appellant's Appendix at 8. After a hearing in February 2018, the court ordered Mitchell to file a second amended complaint by March 22, 2018.

[4] On March 9, 2018, Mitchell filed an amended complaint listing the State Defendants as well as the Medical Defendants. Mitchell asserted that he was "denied/delayed to be triage from December 3, 2015 until December 22, 2015"

---

[1] The record does not appear to contain a copy of this complaint.

and did not "see the provider until January 4, 2016, for diagnosis and treatment." State Defendants' Appendix Volume II at 173. He asserted that he

> was treated different then [sic] the prisoners who are classified as disabled in wheelchairs and walkers that were allowed to utilize the short walk where [he] had authorization by the medical provider as a prescribed medical treatment who walks with a cane and was forced to get back in the chow-line instead of using the short walk treatment to reduce the pain and to accommodate [him] because of the disability.

*Id.* at 186. He alleged that "the IDOC former medical provider Corizon Health Services and its nursing staff are being named and sued in their official capacity and individual capacity for negligence, of denial/unnecessary delay of medical treatment," and that "the negligence of IDOC and its employees prison custody staff interfered and altered said medical treatment prescribed by the medical provider and treated Mitchell differently then [sic] those that were allowed to utilize the holl [sic] in the wall as a short cut after the treatment was finally provided." *Id.* at 187.

That same day, the State Defendants and the Medical Defendants each filed a motion for summary judgment. On May 16, 2019, Mitchell filed a brief in opposition to the motion filed by the State Defendants, and he filed a verified affidavit, a declaration, and a designation of evidence opposing the Medical Defendants' motion on June 18, 2019. On August 28, 2019, the court held a hearing. On August 29, 2019, the court entered an order granting summary judgment in favor of the State Defendants and the Medical Defendants.

## *Discussion*

Initially, we note that a *pro se* litigant is held to the same standards as trained attorneys and is afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). The Court will not indulge in any benevolent presumptions on his behalf. *See Ballaban v. Bloomington Jewish Cmty., Inc.*, 982 N.E.2d 329, 334 (Ind. Ct. App. 2013).

To the extent Mitchell cites the Eighth and Fourteenth Amendments of the United States Constitution or mentions deliberate indifference, which is based on the Eighth Amendment, we note that he does not develop cogent argument challenging the trial court's order that it would preside over only his state claims.[2] Accordingly, these arguments are waived. *See* Ind. Appellate Rule 46(A)(8)(a) (argument must be supported by cogent reasoning and citations to authorities and the record); *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (argument waived for failure to provide cogent argument), *reh'g*

---

[2] "'Deliberate indifference' originated as a standard for defining Eighth Amendment violations: '[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Garwood v. State*, 77 N.E.3d 204, 228 (Ind. Ct. App. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285 (1976) (quotation and citation omitted); citing *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994); *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861 (1979)), *opinion aff'd in part*, *vacated in part*, 84 N.E.3d 624 (Ind. 2017). *See also Estelle,* 429 U.S. at 104, 97 S. Ct. at 291 (holding deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment); *Ratliff v. Cohn*, 693 N.E.2d 530, 544 (Ind. 1998) ("To establish an Eighth Amendment violation, Ratliff 'must demonstrate that prison officials are "deliberately indifferent" to [her] "serious" medical needs . . . .'") (quoting *California in Madrid v. Gomez*, 889 F. Supp. 1146, 1255 (N.D. Cal. 1995), *mandamus denied sub nom.*, *Wilson v. U.S. Dist. Court for the E. Dist. of Cal.*, 103 F.3d 828 (9th Cir. 1996), *cert. denied*, 520 U.S. 1230, 117 S. Ct. 1823 (1997)), *reh'g denied*. We also note that Mitchell's amended complaint did not specifically mention deliberate indifference.

*denied*, *trans. denied*. We will attempt to address Mitchell's other arguments regarding the trial court's grant of summary judgment.

[8] The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Sheehan Const. Co., Inc. v. Continental Cas. Co.*, 938 N.E.2d 685, 689 (Ind. 2010), *reh'g denied*. Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. *Id.* If the opposing party fails to meet its responsive burden, the court shall render summary judgment. *Id.* We construe all factual inferences in the nonmoving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Although our review is de novo, a trial court's judgment comes to this Court clothed with a presumption of validity, and the appellant bears the burden of proving that the trial court erred. *Consumer Attorney Servs., P.A. v. State*, 71 N.E.3d 362, 364 (Ind. 2017). We will affirm upon any theory or basis supported by the designated materials. *Webb v. City of Carmel*, 101 N.E.3d 850, 861 (Ind. Ct. App. 2018).

[9] In his argument section and without citation to the record, Mitchell asserts that he "presented evidence that prison officials or medical care providers refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard

for his serious medical needs."[3]  Appellant's Brief at 19.  As to the State Defendants, he cites Article 1, Section 15 of the Indiana Constitution, which provides: "No person arrested, or confined in jail, shall be treated with unnecessary rigor."  "Article I, § 15 is not a catch-all provision applicable to every adverse condition accompanying confinement.  Rather, it serves to prohibit extreme instances of mistreatment and abuse."  *McQueen v. State*, 711 N.E.2d 503, 505 (Ind. 1999).  The Indiana Supreme Court has held:

> Cases recognizing violations of Article 1, Section 15 involve situations where a prisoner was tortured, had a tooth knocked out, was repeatedly beaten, kicked and struck with a blackjack and beaten with a rubber hose while he was stretched across a table, *Kokenes v. State*, 213 Ind. 476, 13 N.E.2d 524 (1938), where a prisoner was beaten with police officer's fists in both eyes, cut on the top of his head, and beaten with a rubber hose on the head and ears, *Bonahoon v. State*, 203 Ind. 51, 178 N.E. 570 (1931), and where a prisoner was severely injured after being shot by police during a protest, *Roberts v. State*, 159 Ind. App. 456, 307 N.E.2d 501 (1974).

*Ratliff v. Cohn*, 693 N.E.2d 530, 541 (Ind. 1998), *reh'g denied*.

[10]  During the deposition of Mitchell, the following exchange occurred:

---

[3] Ind. Appellate Rule 46(A)(8) provides that the argument of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning," and that "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."  Ind. Appellate Rule 22(C) governs references to the record on appeal and provides that "[a]ny factual statement shall be supported by a citation to the volume and page where it appears in an Appendix, and if not contained in an Appendix, to the volume and page it appears in the Transcript or exhibits, e.g., Appellant's App. Vol. II p.5; Tr. Vol. I, pp. 231-32."

Q  What injury did you suffer or are you claiming because of State defendants['] conduct?

A  I'm claiming pain and suffering.

Q  Can you elaborate on that some more?

A  It was very difficult when I woke up that morning on the 3rd, both of my – well, the right knee was swollen.  When I was walking, you could feel the pressure in both of my knees from the walking.  And I had to endure that pain for 32 days without being diagnosed or treated.

I was also refused any type of medication after I told the LPN nurse that the Tylenol I was taking for my ankle injury was not relieving the pain.  She said, "I'm not going to give you any pain medication.  You'll get that when you see the doctor."

Q  I just want to talk about the State defendants at this point, though.  Not Corizon.

A  Okay.

Q  So the injury that you suffered because of the State defendants, so that would be DOC or the DOC officers, was the right knee being swollen?

A  I'm sorry about that.  Against DOC is when they took my disability card and I had to still walk to chow without that disability card.  With seeing medical, you'd be given the card back or a wheelchair or something to allow me to get to get to chow back and forth.

Q  Did you suffer any physical injury during that time?

A  No.

State Defendants' Appendix Volume II at 21-22.

[11] Under these circumstances, we cannot say the trial court erred in granting the State Defendants' motion for summary judgment. *See Smith v. Ind. Dep't of Correction*, 871 N.E.2d 975, 984-985 (Ind. Ct. App. 2007) (holding that the actions of the prison officers did not rise to the level of physical abuse that were found to be violations of Section 15 in the cases above, noting that no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution, and holding that the trial court did not err in granting the DOC's motion for judgment on the pleadings), *reh'g denied*, *trans. denied*, *cert. denied*, 552 U.S. 1247, 128 S. Ct. 1493 (2008).[4]

[12] With respect to his claims against the Medical Defendants, Mitchell asserts that "[t]his case is essentially about the deliberate indifference exerted by the three nurses and not medical malpractice." Appellant's Brief at 20-21. He argues the Medical Defendants "would have the court to believe that this case is about medical malpractice, when in reality it is about deliberate indifference (negligence)." *Id.* at 21. He states that "[t]his case hinges on deliberate indifference (negligence), when Goodpaster, Neff and Seifert failed to adhere to the procedural policy as set forth in HS 01-02-101, and AHC-2.04." *Id.* (citing Appellant's Appendix at 84, 108). To the extent he cites page 84 of the Appellant's Appendix, that page contains the fifth page of a document titled "Health Care Services Directive – Adult Indiana Department of Correction

---

[4] Mitchell mentions Article 1, Section 16 of the Indiana Constitution in his Statement of Case, but does not cite it in his argument section or develop cogent argument regarding the provision.

Manual of Policies and Procedures" and lists a number of 2.04A and an effective date of January 2, 2018. Appellant's Appendix at 84. The Medical Defendants correctly point out that this document was not designated by Mitchell. To the extent Mitchell cites page 108 of the Appellant's Appendix, we note that page is the second page of a document titled "Declaration of Danny Tucker" who identified himself as a Captain in the DOC. *Id.* at 108 (capitalization omitted). Mitchell does not develop a cogent argument regarding how Tucker's declaration impacts the summary judgment motion filed by the Medical Defendants. With respect to Mitchell's reference to "HS 01-02-101," Appellant's Brief at 21, the Appellant's Appendix contains an eleven-page document titled "Policy and Administrative Procedure Manual of Policies and Procedures," which lists an effective date of January 1, 2018. Appellant's Appendix at 69. However, Mitchell does not point to any particular provision of this document which we note has an effective date subsequent to the time period mentioned in his amended complaint. We cannot say Mitchell has developed a cogent argument or met his burden of demonstrating that the entry of summary judgment was erroneous.

[13] For the foregoing reasons, we affirm the trial court's order.

[14] Affirmed.

[15] Najam, J., and Kirsch, J., concur.