**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 07 2013, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**JAMES C. TUCKER**
**MARILYN TUCKER FULLEN**
Tucker and Tucker, P.C.
Paoli, Indiana

ATTORNEY FOR APPELLEE:

**ROBERT A. DONALD, III**
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NEFF FAMILY FERTILIZER, INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 88A05-1207-PL-381 |
| | ) | |
| JOHN JONES CHEVROLET | ) | |
| BUICK CADILLAC OF SALEM, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE WASHINGTON CIRCUIT COURT
The Honorable Larry W. Medlock, Judge
Cause No. 88C01-1110-PL-810

February 7, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Neff Family Fertilizer, Inc. ("Neff") appeals the trial court's entry of summary judgment in favor of John Jones Chevrolet Buick Cadillac of Salem, Inc. ("John Jones").

We affirm.

## ISSUE

The issue in this case is whether the trial court erred by granting summary judgment in favor of John Jones.

## FACTS AND PROCEDURAL HISTORY

On December 31, 2010, Neff purchased a truck from John Jones for $40,593.90. Within a short period of time, Neff decided that it was dissatisfied with the truck. Consequently, Neff made an agreement with John Jones whereby John Jones would buy back the truck from Neff for $32,000.00 in trade-in credit, Neff would purchase a new special order truck from John Jones, and Neff would pay an additional $5,500.03 for special features on the new truck. By June 27, 2011, Neff had yet to receive the new truck, and it notified John Jones that it was canceling its order for the new truck and requested return of its money. Upon Neff's request for reimbursement, John Jones paid Neff $37,500.00.

Neff then filed a complaint for damages in the amount of $8,593.93, which is the difference between $46,093.93, the total amount Neff paid to John Jones for both of the trucks, and $37,500.00, the amount Neff received in reimbursement from John Jones. Subsequently, John Jones filed a motion for summary judgment. A hearing on the

2

motion was held in May 2012, and the trial court issued its order on July 2, 2012, granting John Jones' motion. This appeal followed.

DISCUSSION AND DECISION

Neff contends that the trial court erred by granting summary judgment to John Jones. The gravamen of Neff's argument is that it is entitled to $46,093.93, the amount it had paid to John Jones for both trucks.

On appeal from a grant of summary judgment, our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Kroger Co. v. Plonski*, 930 N.E.2d 1, 4-5 (Ind. 2010). All facts and reasonable inferences drawn from those facts are construed in favor of the non-movant. *Sheehan Constr. Co. v. Cont'l Cas. Co.*, 938 N.E.2d 685, 688 (Ind. 2010). The party appealing the judgment carries the burden of persuading the appellate court that the trial court's decision was erroneous. *Bradshaw v. Chandler*, 916 N.E.2d 163, 166 (Ind. 2009). Moreover, an appellate court may affirm summary judgment if it is proper on any basis shown in the record. *Pfenning v. Lineman*, 947 N.E.2d 392, 408-09 (Ind. 2011).

The materials before us show that on December 31, 2010, Neff entered into a written contract ("Contract #1") with John Jones for the purchase of a truck ("Truck #1"). Pursuant to Contract #1, Neff paid John Jones $40,593.90 and took possession of Truck #1. Soon thereafter Neff determined that Truck #1 did not fit its needs.

3

Neff and John Jones agreed that John Jones would buy back Truck #1 from Neff for $32,000.00 in trade-in credit, that Neff would purchase a new special order truck ("Truck #2") from John Jones, and that Neff would pay an additional $5,500.03 for special features on Truck #2. On January 5, 2011, Neff paid John Jones an additional $5,500.03 for Truck #2, and on January 7, 2011, a representative of Neff signed a "Letter of Intent" with John Jones agreeing to purchase Truck #2 with a trade-in credit of $32,000.00 for Truck #1 and a payment of $5,500.03 for special features on Truck #2. Subsequently, on April 21, 2011, a representative of Neff signed a contract with John Jones (Contract #2), pursuant to which Neff returned Truck #1 to John Jones. Contract #2 lists the value of Truck #1 as $32,000.00.

As of June 27, 2011, Truck #2 had not been delivered to Neff, and on that date, a representative of Neff wrote a letter to John Jones canceling the order of Truck #2 and requesting return of its money. John Jones reimbursed Neff $37,500.00 ($32,000.00 trade-in credit for Truck #1 plus $5,500.00 special features charge on Truck #2). The trial court ordered summary judgment for John Jones upon Neff's demand for the return of an additional $8,593.93.

We first note that Neff's brief is premised upon the existence of an oral agreement with John Jones as to a specific delivery time for Truck #2. Whether an oral agreement existed that Truck #2 would be delivered in three weeks is of no moment. Neff's point in alleging the existence of an oral agreement is to provide the stepping stone for its assertion that John Jones breached Contract #2 by not delivering Truck #2 within the time

4

agreed upon in the oral agreement. However, this assertion also is of no moment; both parties acted as if there had been a breach of Contract #2. The evidence shows that on June 27, 2011, Neff canceled the order for Truck #2 and requested its money back. John Jones reimbursed Neff a total of $37,500.00. On appeal, Neff claims that it is still owed $8,593.93. Thus, on appeal we are to determine the proper amount of damages to which Neff is due.

Generally, the computation of damages is a matter within the sound discretion of the trial court. *Berkel & Co. Contractors, Inc. v. Palm & Assocs., Inc.*, 814 N.E.2d 649, 658 (Ind. Ct. App. 2004). To that end, we will not reverse a damage award unless it is based on insufficient evidence or is contrary to law. *Id.* A party injured by a breach of contract may recover the benefit of its bargain; however, it is limited in its recovery to the loss actually suffered. *L.H. Controls, Inc. v. Custom Conveyor, Inc.*, 974 N.E.2d 1031, 1043 (Ind. Ct. App. 2012). A party injured by a breach of contract may not be placed in a better position than it would have enjoyed had the breach not occurred. *Id.* The plaintiff bears the burden of proof with respect to damages, and in actions for breach of contract, damages must be proven with reasonable certainty. *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002).

Here, we agree with, and Neff does not contest, the trial court's determination that Contract #1 was completed. Yet, the additional damages of $8,593.93 demanded by Neff stem from Contract #1, not Contract #2. In Contract #2, the parties agreed that Neff would receive $32,000.00 as a trade-in credit for Truck #1. Additionally, he paid an

5

extra $5,500.00 for special features on Truck #2. Thus, Contract #2 was for the delivery of Truck #2 by John Jones and the payment of $37,500.00 by Neff. Neff provided no evidence of any additional damages caused by the alleged breach of Contract #2. Therefore, the trial court justifiably concluded that Neff recovered the benefit of its bargain when John Jones reimbursed it $37,500.00. To award damages to Neff in an amount greater than $37,500.00 would place it in a better position than if John Jones had been able to perform on the contract. This is not the result the law permits. *See L.H. Controls, Inc.*, 974 N.E.2d at 1043 (aggrieved party should be put in as good a position as if other party had fully performed but not in better position). Thus, the trial court's decision that Neff was entitled to damages only in the amount of the $37,500.00 that John Jones had already reimbursed Neff did not amount to an abuse of discretion.

## CONCLUSION

For the reasons stated, we conclude that the trial court did not err in granting summary judgment to John Jones.

Affirmed.

RILEY, J., and BRADFORD, J., concur.

6