# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**GINNY L. PETERSON**
Kightlinger & Gray, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE PATRICIA
KOPETSKY:

**W. BRENT THRELKELD**
**BENJAMIN G. STEVENSON**
Threlkeld & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE KB HOME
INDIANA INC.:

**PETER J. RUSTHOVEN**
**E. SEAN GRIGGS**
**DAVID M. HEGER**
Barnes & Thornburg LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| INDIANA INSURANCE COMPANY, | ) |
| | ) |
| Appellant/Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| vs. | ) No. 49A02-1304-PL-340 |
| | ) |
| PATRICIA KOPETSKY, | ) |
| | ) |
| Appellee/Defendant/Counterclaim Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| KB HOME INDIANA INC., | ) |
| | ) |
| Appellee/Defendant. | ) |

FILED
Aug 07 2014, 6:17 am
Kevin S. Smith
CLERK
of the supreme court,
court of appeals and
tax court

**August 7, 2014**

**OPINION ON REHEARING – FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellee/Defendant/Counterclaim Plaintiff Patricia Kopetsky has petitioned for rehearing. Patricia requests that we correct a factual error in our original opinion and clarify our holding regarding a possible finding that George Kopetsky knew (or did not know) of contamination in Cedar Park prior to obtaining CGL coverage from Appellant/Plaintiff/Counterclaim Defendant Indiana Insurance Company. In its response to Patricia's petition, Indiana Insurance also requests that we clarify our holding regarding George's knowledge. We grant Patricia's rehearing petition in order to correct our factual error and in order to clarify our original holding.

**I. Factual Description of Cedar Park**

In our original opinion, section A of the "Facts and Procedural History" contained the following passage: "Cedar Park is divided into three sections: Section 1 (fifty-seven lots) on the eastern edge, Section 2 (seventy-five lots) in the middle, and Section 3 (seventy-one lots) on the western edge." All agree that this is incorrect, as Section 3 is actually on the eastern edge of Cedar Park and Section 1 is on the western edge.

**II. Effect of a Finding that George Knew of the Contamination**

**Before Obtaining CGL Coverage from Indiana Insurance**

Also in our original opinion, we concluded, *inter alia*, that a genuine issue of material fact existed regarding whether George knew of the contamination in Cedar Park before obtaining coverage with Indiana Insurance. While we do not revisit that conclusion, we grant rehearing in order to clarify our original disposition.

**A. Factual Background and Parties' Arguments**

The first of four, one-year CGL policies obtained by George from Indiana Insurance took effect on April 29, 2002, and coverage under the Polices was in effect until April 29, 2006. There is no dispute that George first learned of contamination in parts of Cedar Park on May 2, 2002, during the first year of coverage. There is likewise no dispute that Indiana Insurance *also* learned of contamination in Cedar Park at some point during the first year of coverage. It is primarily the legal effect of Indiana Insurance's knowledge of the contamination that we address in this opinion on rehearing.

Patricia contends that, pursuant to the common-law "known loss" doctrine, even if a jury were to find that George knew of the contamination before taking out insurance with Indiana Insurance, coverage would be barred during only the first of the four coverage years at issue. Indiana Insurance, citing the "known claim" exclusionary language from the Policies, argues that (1) there is no coverage for the final three coverage years regardless of what a jury might find regarding George's knowledge and (2) a finding that George knew of the loss before obtaining coverage would bar coverage in the first year as well. We agree with Indiana Insurance because we conclude that, consistent with the Indiana Supreme

3

Court's approach in *Sheehan Construction Co., Inc. v. Continental Casualty Co.*, 935 N.E.2d 160 (2010), *opinion adhered to as modified on reh'g*, 938 N.E.2d 685 (Ind. 2010), the Policies' "known claim" exclusionary language controls.

## B. "Known Loss" Doctrine

Patricia relies on our holding in *General Housewares Corp. v. National Surety Corp.*, 741 N.E.2d 408 (Ind. Ct. App. 2000), in which we recognized the "known loss" doctrine: "The 'known loss' doctrine is a common law concept deriving from the fundamental requirement in insurance law that the loss be fortuitous." *Id.* at 416 (citing *Pittston Co., Ultramar Am. Ltd. V. Allianz Ins. Co.*, 124 F.3d 508, 516 (3d Cir. 1997)). Essentially, the known loss doctrine states that one may not obtain coverage for a loss that has already taken place. *Id.* In *General Housewares*, we held that "if an insured has actual knowledge that a loss has occurred, is occurring, or is substantially certain to occur on or before the effective date of the policy, the known loss doctrine will bar coverage." *Id.* at 414. We further concluded, however, that if the insurer *also* knew of the loss, it would be not be able to assert the known loss doctrine to defeat coverage. *Id.* at 414 (citation omitted). Patricia argues that because Indiana Insurance knew of the loss before the second Policy took effect, Indiana Insurance is estopped from asserting the known loss doctrine to bar coverage in the second through fourth years in any event.

## C. The "Known Claim" Exclusion

The fortuity principle is also explicitly addressed in the coverage clause of the Policies:

4

b. This insurance applies to "bodily injury" and "property damage" only if:

....

(3) Prior to the policy period, no insured ... and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

...

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured ... or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to use or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

Appellant's Br. pp. 11-12.

Despite the fact that this language is found in the coverage clause, at least one court has referred to it as a "known claim exclusion."[1] The language's effect is to exclude

---

[1] In a case involving an almost identical language, the District Court for the Southern District of Indiana referred to it as the "'known claim' exclusion[.]" *Quanta Indem. Co. v. Davis Homes, LLC*, 606 F. Supp. 2d 941, 947 (S.D. Ind. 2009). The *Quanta* court also provided some background regarding the exclusion, which is a somewhat recent innovation:

coverage under certain circumstances, so we too adopt the convention of referring to it as the known claim exclusion. In any event, pursuant to this known claim exclusion, if George knew that any loss had occurred, coverage would be barred, just as it would be pursuant to the known loss doctrine. The difference, however, is that the known claim exclusion does not make an exception for cases where the insurer *also* knew of the loss beforehand. Because only George's prior knowledge is relevant pursuant to the Policies' known claim exclusion, Indiana Insurance argues that there is no question that coverage is barred for the second through fourth years of coverage. The question, then, is whether the known loss doctrine or the known claim exclusion applies.

### D. Applicability of Known Loss Doctrine or Known Claim Exclusion

In our original opinion, we addressed the question of whether KB Home's allegations in the underlying suit could qualify as property damage pursuant to the language of the Policies, or whether the "economic loss" doctrine barred coverage. Without recounting the

---

The inclusion of policy language excluding from coverage bodily injury and property damage that occur at least partially before the policy begins reflects a fairly recent change in standard CGL policy language, which was amended, at least in part, in response to the Supreme Court of California's decision in *Montrose Chem. Corp. of California v. Admiral Ins. Co.*, 10 Cal. 4th 645, 42 Cal. Rptr. 2d 324, 913 P.2d 878 (1995). *See* 4 David L. Leitner, Reagan M. Simpson & John M. Bjorkman, *Law and Practice of Insurance Coverage Litigation* § 46:21 (2005) ("In response to *Montrose* and those courts that have adopted it, the [Insurance Services Office] recently revised the standard CGL policy to exclude from coverage injury or damage that occurs 'in part' before the policy begins."). In *Montrose,* the court held that the insurer's CGL policy, which provided that it covered bodily injury or property damage "which occurs during the policy period" with no further elaboration, covered property damage that had begun before, but continued into the policy period. The *Montrose* court reasoned that, "the weight of authority, consistent with our own interpretation of [the] express policy language, is that bodily injury and property damage that is continuous or progressively deteriorating through successive CGL policy periods, is potentially covered by all policies in effect during those periods." 42 Cal. Rptr. 2d 324, 913 P.2d at 893. Consequently, following *Montrose,* insurance companies began to incorporate in their standard CGL policies language similar to that included in Quanta's CGL policy, expressly excluding coverage for injury or damage which occurs in part before the policy period begins.

*Quanta*, 606 F. Supp. 2d at 946 n.4.

6

entirety of our disposition, we concluded that the Indiana Supreme Court's approach in *Sheehan* required us to "start with the policy language and determine if (1) the loss would be covered under the general coverage clause and (2) if any exclusions apply that would preclude coverage, without regard to whether the loss constituted 'economic loss.'" We take the same general approach here, and so apply the language of the known claim exclusion as it appears in the Policies, without regard to the common-law known loss doctrine.[2]

Application of the known claim exclusion to undisputed facts is straightforward: George knew of contamination in Cedar Park no later than May of 2002, during the first of four years of CGL coverage that George obtained from Indiana Insurance. Coverage is therefore barred for the second through fourth years, regardless of the jury's finding of any prior knowledge. Any finding regarding whether George had any knowledge of contamination prior to the first year of coverage applies only to the first year.

One final note of clarification is in order. Previously, we concluded that "the designated evidence creates a genuine issue of material fact as to whether George had actual knowledge 'that a loss ha[d] occurred, [wa]s occurring, or [wa]s substantially certain to occur on or before the effective date of the policy[,]' *Gen. Housewares*, 741 N.E.2d at 414[.]" This standard of "knowledge," however, is the one used under the known loss doctrine, which we have concluded has no applicability in this case. The correct legal standard for "knowledge" to be applied at trial is the one dictated by the language of the known claim exclusion in the Policies.

---

[2] We express no opinion on whether the known loss doctrine would still apply in a case where the policy language did not address fortuity.

We reaffirm our original disposition in all other respects.

CRONE, J, and PYLE, J., concur.