

FILED

May 29 2018, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James F. Olds
William E. Emerick
Mark R. Molter
Stuart & Branigin LLP
Lafayette, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANA TRIAL LAWYERS ASS'N

Gabriel A. Hawkins
Cohen & Malad, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
STEAK 'N SHAKE

Thomas C. Hays
Lisa M. Dillman
Barath S. Raman
Lewis Wagner LLP
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
DEFENSE TRIAL COUNSEL OF INDIANA

Lucy R. Dollens
Jacob V. Bradley
Quarles & Brady, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery Certa,<br>*Appellant-Plaintiff,*<br>v.<br>Steak 'n Shake Operations Inc., Mikal Gillham, and Matthew Hulett,<br>*Appellees-Defendants.* | May 29, 2018<br><br>Court of Appeals Case No.<br>79A05-1708-CT-1873<br><br>Appeal from the Tippecanoe Superior Court.<br>The Honorable Randy J. Williams, Judge.<br>Trial Court Cause No.<br>79D01-1404-CT-50 |

**Barteau, Senior Judge**

# Statement of the Case

[1] Appellant Jeffery Certa appeals the trial court's entry of summary judgment in favor of Appellee Steak 'n Shake.[1] We reverse and remand.

# Issue

[2] Certa presents one issue for our review: whether the trial court erred in granting Steak 'n Shake's motion for summary judgment.

# Facts and Procedural History

[3] The facts most favorable to Certa, the nonmovant, follow. In the early morning hours of May 4, 2013, Certa and his friends, Rick and Arlene Luse, arrived at the Steak 'n Shake in Lafayette, Indiana. Certa and the Luses had been drinking. As they walked from the parking lot to the entrance of the restaurant, they observed a man and a woman arguing and saw the man push the woman against the wall. Certa stepped between the two people and told the man not to put his hands on the woman. Mikal Gillham was with the man and woman and witnessed Certa's actions. She and Certa exchanged words when she suggested that Certa stay out of their affairs. Certa then entered the restaurant with the Luses and informed a Steak 'n Shake employee that there was a physical altercation occurring outside the restaurant. The employee indicated

---

[1]Although Defendants Mikal Gillham and Matthew Hulett did not participate in the proceedings below and have not participated in this appeal, they are parties on appeal. *See* Ind. Appellate Rule 17(A) (stating that a party of record in the trial court shall be a party on appeal).

that he would take care of the situation, and Certa and the Luses were seated at a table.

[4] Gillham entered the restaurant to join her friends, Matthew Hulett and Lynn Huhn, who had already been seated. Like Certa and the Luses, Gillham and her friends had been drinking that evening. Gillham's aunt, Ladonna Musik, is a Steak 'n Shake employee and was the server on duty that night. Musik was aware that the two groups had been drinking. When Gillham entered the restaurant, she told Musik about her exchange with Certa, and she advised her aunt not to allow Certa and his friends into the restaurant because she "could tell that they were intoxicated" and she "just had a feeling that they were going to start an argument[ ] or a fight." Gillham Depo., Appellant's Appendix Vol. 2, p. 152. Musik stated that everyone should calm down, eat their food, and mind their own business. Musik advised her manager to watch the two tables because there might be a conflict.

[5] Gillham and her friends were seated at a table on the other side of the restaurant from Certa and the Luses. Although there was no conversation, yelling, or fighting between the two tables, the people at Gillham's table were talking loudly, pointing, and gesturing at Certa's table. From Certa's table, Arlene was glaring at Gillham and her friends.

[6] After about thirty to forty-five minutes, Gillham's group finished eating, paid their bill, and exited the restaurant. Subsequently, the Luses paid their bill and exited. Certa was the last to pay and leave. As he was paying his bill, he told

Musik, "If I go out there and that girl runs her mouth[,] the sh**t's going to hit the fan." Musik Depo., Appellant's App. Vol. 2, p. 134. As Certa exited the restaurant, he saw that a woman in a car was reaching out of the open driver's window and punching Arlene. The woman punching Arlene was later identified as Gillham. Certa ran back into the restaurant and told the employees to call the police. At some point, Certa noticed that Rick was also involved in an altercation outside the restaurant. Upon exiting the restaurant the second time, Certa went around to the back of the vehicle in which Gillham was sitting and attempted to get the license plate number. While Certa was standing behind the car, Hulett, who was seated in the front passenger seat of the car, reached over and put the car in reverse. The car backed over Certa, causing him injury.

[7]     Based on these events, Certa sued Steak 'n Shake, Gillham, Hulett, and Allstate Property and Casualty Insurance Company for his injuries.[2] In his complaint, Certa alleged that Steak 'n Shake was negligent when it breached its duty to him by "[f]ailing to reasonably control its customers;" "failing to properly train its staff in customer control and handling intoxicated persons;" "failing to provide proper security;" and "failing to call the police in a timely manner." Appellant's App. Vol. 2, p. 221. Steak 'n Shake filed a motion for summary judgment, which the trial court denied after an evidentiary hearing. Steak 'n

---

[2] In July 2017, the trial court ordered Allstate dismissed from this case with prejudice by stipulation of the parties.

Shake subsequently filed a motion to reconsider based upon two recent Indiana Supreme Court decisions. The parties acknowledged the trial court should consider Steak 'n Shake's motion to reconsider as a renewed motion for summary judgment, and, after an evidentiary hearing, the trial court granted summary judgment for Steak 'n Shake. Certa now appeals.

## Discussion and Decision

[8] Certa contends the trial court erred by granting summary judgment for Steak 'n Shake. The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law. *Sheehan Const. Co., Inc. v. Cont'l Cas. Co.*, 938 N.E.2d 685, 689 (Ind. 2010). On appeal from a summary judgment, we apply the same standard of review as the trial court: summary judgment is appropriate only where the designated evidentiary matter shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421, 423-24 (Ind. 2015); *see also* Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Sheehan Const. Co., Inc.*, 938 N.E.2d at 688. Further, the trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Auto-Owners Ins. Co. v. Benko*, 964 N.E.2d 886, 890 (Ind. Ct. App. 2012), *trans. denied*.

[9] Certa's negligence claim against Steak 'n Shake is grounded in premises liability. Indiana law is well established that a person entering upon the land of another comes upon the land as an invitee, a licensee, or a trespasser. *Pickering v. Caesars Riverboat Casino, LLC*, 988 N.E.2d 385, 389 (Ind. Ct. App. 2013). The status of the person entering the land of another determines the duty the landowner owes to him. *Mohr v. Virginia B. Smith Revocable Tr.*, 2 N.E.3d 50, 54 (Ind. Ct. App. 2014), *trans. denied*. Here, the parties agree that Certa was an invitee of Steak 'n Shake, meaning that Steak 'n Shake owed Certa a duty to exercise reasonable care for his protection. *See Christmas v. Kindred Nursing Ctrs. Ltd. P'ship*, 952 N.E.2d 872, 880 (Ind. Ct. App. 2011) (stating that landowner owes to invitee highest duty of care, which is duty to exercise reasonable care for invitee's protection while he is on premises).

[10] To prevail on a claim of negligence, a plaintiff must show: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach. *Miller v. Rosehill Hotels, LLC*, 45 N.E.3d 15, 19 (Ind. Ct. App. 2015). Absent a duty, there can be no negligence or liability based upon a breach. *Powell v. Stuber*, 89 N.E.3d 430, 433 (Ind. Ct. App. 2017). Whether a duty exists is a question of law for the courts to decide. *Podemski v. Praxair, Inc.*, 87 N.E.3d 540, 547 (Ind. Ct. App. 2017), *trans. denied*.

[11] Two recent decisions by our supreme court, *Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384 (Ind. 2016) and *Rogers v. Martin*, 63 N.E.3d 316 (Ind. 2016), drive our decision in this case. In *Goodwin*, a patron at a bar became angry when he overheard comments he believed to be about his wife. He

produced a handgun and shot three people. The three individuals who were shot sued the bar for negligence based on premises liability. The trial court granted summary judgment for the bar, and the three patrons appealed. This Court reversed the trial court's decision.

On transfer, our supreme court affirmed the trial court's judgment that the bar did not owe the patrons a duty to protect them. In doing so, the court acknowledged foreseeability as a component of the duty element of negligence and concluded that the assessment of foreseeability in this context is a determination to be made by the court utilizing an analysis of the "'broad type of plaintiff and harm involved, without regard to the facts of the actual occurrence.'" *Id.* at 390 (quoting *Goldsberry v. Grubbs*, 672 N.E.2d 475, 479 (Ind. Ct. App. 1996), *trans. denied* and adopting analysis set forth therein because it provides more accurate framework for assessing foreseeability in duty context; expressly disapproving three-part balancing test in *Webb v. Jarvis*, 575 N.E.2d 992 (Ind. 1991); and stating totality of circumstances test endorsed in *Delta Tau Delta v. Johnson*, 712 N.E.2d 968 (Ind. 1999) ill-suited to determine foreseeability in duty context). The court also declared that "for purposes of determining whether an act is foreseeable in the context of duty we assess whether there is some probability or likelihood of harm that is serious enough to induce a reasonable person to take precautions to avoid it." *Id.* at 392.

In applying this foreseeability analysis to the facts before it in *Goodwin*, the court stated that the broad type of plaintiff was a patron of a bar and the broad type of harm was the likelihood of a criminal attack, namely a shooting inside a

bar. *Id.* at 393. The court reasoned that although bars can be host to rowdy behavior, bar owners would not routinely contemplate that one patron might suddenly shoot another. *Id.* at 393-94. Therefore, the court declined to impose a duty and held that a shooting inside a neighborhood bar is not foreseeable as a matter of law. *Id.* at 394.

[14] On the same day it decided *Goodwin*, our supreme court also decided *Rogers*. In that case, a homeowner and her boyfriend co-hosted a party. At the end of the night, the boyfriend engaged in a fistfight with two guests. Afterward, the homeowner found one of the guests lying motionless on her basement floor. He died a short time later. The estate of the deceased guest and the other guest sued the homeowner for negligence. The homeowner filed a motion for summary judgment, which the trial court granted. The estate appealed, and this Court reversed. Transfer was sought and granted.

[15] Our supreme court summed up the issue in *Rogers* as, "Where a premises liability claim is based on activities on the land [rather than a condition of the land], foreseeability is the critical inquiry in determining whether the landowner's duty of reasonable care extends to the particular circumstances at issue." *Id.* at 323. Expounding on its determination in *Goodwin*, the court further stated:

> When foreseeability is part of the duty analysis, as in landowner-invitee cases, it is evaluated in a different manner than foreseeability in the context of proximate cause. Specifically, in the duty arena, foreseeability is a general threshold determination that involves an evaluation of (1) the broad type of plaintiff and

(2) the broad type of harm. In other words, this foreseeability analysis should focus on the general class of persons of which the plaintiff was a member and whether the harm suffered was of a kind normally to be expected—without addressing the specific facts of the occurrence.

*Id.* at 325 (citing *Goodwin*, 62 N.E.3d at 388-89). The court then applied this analysis to the facts to determine whether a homeowner has a duty to take precautions to prevent a co-host from fighting with and injuring (i.e., broad type of harm) a house-party guest (i.e., broad type of plaintiff). In answering this question in the negative, the court explained, "Although house parties can often set the stage for raucous behavior, we do not believe that hosts of parties routinely physically fight guests whom they have invited. Ultimately, it is not reasonably foreseeable for a homeowner to expect this general harm to befall a house-party guest." *Id.* at 326.

[16] The court was also presented with and determined a second issue concerning the homeowner's duty in *Rogers*: whether the homeowner had a duty to protect the guest when she found him lying unconscious on her basement floor. This question the court answered in the affirmative. The court reasoned that "[h]omeowners should reasonably expect that a house-party guest who is injured on the premises could suffer from an exacerbation of those injuries" and for that reason, the homeowner owed the guest a duty to protect him from the exacerbation of his injury that occurred in her home. *Id.* at 327.

[17] In this case, both parties acknowledge the applicability of *Rogers* and *Goodwin* to the situation, but they disagree about the ensuing result. Certa asserts that

Steak 'n Shake, as a 24-hour restaurant, had a reasonable duty of care to protect him from injury inflicted by intoxicated patrons when Steak 'n Shake knew Certa and the patrons had engaged in a verbal altercation and was aware of the potential for escalation of the conflict.

[18] Steak 'n Shake, on the other hand, argues the trial court properly determined that Steak 'n Shake did not owe a duty to Certa because it was not foreseeable that Certa, a restaurant patron, would be injured by an intoxicated patron in the parking lot of a restaurant that does not serve alcohol. Steak 'n Shake maintains that in this case the broad type of plaintiff is a patron of a restaurant and the broad type of harm is a criminal attack from a third party.

[19] Application of the broad type of plaintiff and harm analysis is not as narrow as Steak 'n Shake suggests. In this analysis, foreseeability is the "critical inquiry," and this inquiry acknowledges that the landowner-invitee duty to protect is not limitless; rather, some harms are so unforeseeable that a landowner has no duty to protect an invitee against them. *Rogers*, 63 N.E.3d at 320, 324. Yet, even given the "lesser inquiry" that is the broad plaintiff/harm analysis, the court considered what the landowner knew or had reason to know as it concerned the injured party in both *Goodwin* and *Rogers* when determining the foreseeability of these events. *Goodwin*, 62 N.E.3d at 390, 393 (quoting *Goldsberry*, 672 N.E.2d at 479). This approach is consistent with the RESTATEMENT (SECOND) OF TORTS § 344 cmt. f, which provides, "[s]ince the possessor [of land] is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care

until he knows or has reason to know that the acts of the third person are occurring, or are about to occur."

[20] For example, in *Goodwin*, the court acknowledged that bar owners do not "routinely contemplate that one bar patron might *suddenly* shoot another." *Id.* at 394 (emphasis added). Use of the word "suddenly" indicates that this was an unexpected occurrence relative to the landowner/bar owner. Likewise, in *Rogers*, the court called the fight an "unpredictable situation" and stated that hosts of parties do not "routinely physically fight guests whom they have invited." *Id.* at 326. Again, the court's language reflects the unanticipated nature of the fight vis-à-vis the landowner/homeowner. Finally, with regard to the second issue of duty in *Rogers*, the court decided that the landowner/homeowner's knowledge that the guest had been injured gave rise to a duty to protect the guest from exacerbation of the injury occurring in her home. Thus, what the landowner knew or had reason to know is a pivotal consideration in determining foreseeability which Steak 'n Shake disregards in its analysis.

[21] Accordingly, as did our supreme court in *Goodwin* and *Rogers*, we apply the broad type of plaintiff and the broad type of harm analysis and determine the foreseeability of the events with consideration of what Steak 'n Shake knew or had reason to know. The broad type of plaintiff is a restaurant patron, and the broad type of harm is injury caused by a third party. In determining the foreseeability, we are mindful that Steak 'n Shake did not have to know the precise harm that its customer would suffer, only that there was some

probability or likelihood of harm that was serious enough to induce a reasonable person to take precautions to avoid it. *See Goodwin*, 62 N.E.3d at 392. Steak 'n Shake knew that a heated encounter that began outside the restaurant between two groups of intoxicated people spilled into the restaurant. The Steak 'n Shake server was told by her niece that she feared a fight would ensue, and the groups exchanged dirty looks and finger pointing while inside the restaurant. In addition, the Steak 'n Shake server specifically informed her manager that the two groups might be trouble. Further, Certa indicated to the Steak 'n Shake server that he would retaliate if Gillham engaged him in the parking lot. Given these circumstances, we conclude that Steak 'n Shake's knowledge of the events on its premises in this case gave rise to a duty to take reasonable steps to provide for Certa's safety as a patron of its establishment.

[22] We caution that our determination is only of the existence of a duty in this situation. The issues of breach of that duty and proximate cause must still be determined by the trier of fact.

## Conclusion

[23] Thus, having determined that Steak 'n Shake owed a duty to Certa, we necessarily conclude that the trial court erred in granting summary judgment in favor of Steak 'n Shake.

[24] Reversed and remanded.

Riley, J., and Brown, J., concur.