

**FILED**

Jun 18 2019, 5:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

John Johnston
Johnston & Johnston, PC
Wabash, Indiana

ATTORNEY FOR APPELLEES

Jeffry G. Price
Peru, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paul Zartman and Brenda
Cameron, Individually; Brenda
Cameron as Successor Trustee of
the William G. Zartman, Jr.
Revocable Trust; and Paul
Zartman as Successor Co-
Trustee of the Marilyn M.
Zartman Revocable Trust,

*Appellants-Plaintiffs,*

v.

William G. Zartman, III,
Individually and as Successor
Co-Trustee of the Marilyn M.
Zartman Revocable Trust; Kim
Zartman; W K Zartman Farms,
LLC; and William G. Zartman,
III and Kim R. Zartman,
Member Managers of W K
Zartman Farms, LLC,

*Appellees-Defendants.*

June 18, 2019

Court of Appeals Case No.
18A-PL-1071

Appeal from the Miami Circuit
Court

The Honorable Timothy P. Spahr,
Judge

Trial Court Cause No.
52C01-1601-PL-28

**Shepard, Senior Judge.**

[1] The common law "best evidence rule" has been formalized through the modern Rules of Evidence employed by both state and federal courts. The series of provisions starting at Rule 1001 cover problems like the one in this case, which turns on the language used in a trust document not presently possessed by either party.

[2] After reviewing such caselaw as exists and a number of respected treatises, we conclude that the trial court wrongly applied Evidence Rule 1008 in the course of a summary judgment proceeding. We remand with directions that the court reconsider that ruling.

## Facts and Procedural History

[3] William G. Zartman, Jr. and Marilyn M. Zartman were married and had three children: Brenda, Paul, and William III. William Jr. and Marilyn owned a farm consisting of about 303 acres straddling the Miami and Fulton County line. William Jr. operated the farm, and in later years William III worked the farm with his father.

[4] In 1980, William Jr. and Marilyn established the William G. Zartman, Jr. Revocable Trust and the Marilyn M. Zartman Revocable Trust. In 1993, they both executed a "First Amendment" to their trusts. By 2003, each trust held one-quarter of the farm, and the remaining half of the farm had been transferred to William III. Subsequently, William Jr.'s trust also transferred its one-quarter interest to William III.

Marilyn died in August 2004, and William Jr. died in February 2010. Thereafter, William III, as a trustee of Marilyn's trust, transferred to himself the one-quarter of the farm held by her trust.

Paul and Brenda first initiated litigation against William III in Florida after the death of William Jr., who was a resident of Florida when he died. The Florida court determined that William III had "persistent[ly] fail[ed] to administer the Trust effectively" and that he had committed "a serious breach of trust." Appellants' App. Vol. 4, p. 134. Due to such mismanagement of William Jr.'s trust, the Florida court removed William III as trustee. It also declared that it had no jurisdiction over Indiana real estate. For all that appears, the Florida litigation is ongoing.

Here in Indiana, Paul and Brenda filed suit in 2016 against William III, seeking among other things to set aside William III's conveyance to himself of the one-quarter interest in the farm held by Marilyn's trust and to recover lost income from that land. Paul and Brenda moved for summary judgment. The trial court denied their motion on grounds that the content of Marilyn's trust documents was required to be determined by a jury. Following a trial, the jury returned a verdict in favor of William III.

## Issue

Paul and Brenda present four issues for our review, one of which is potentially dispositive: whether the trial court erred in its application of Evidence Rule 1008.

# Discussion and Decision

[9]     When reviewing a denial of summary judgment, our standard of review is similar to that of the trial court:  whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *City of Indianapolis v. Cox*, 20 N.E.3d 201 (Ind. Ct. App. 2014), *trans. denied*. Appellate review of a summary judgment motion is limited to those materials specifically designated to the trial court.  *Sheehan Const. Co., Inc. v. Cont'l Cas. Co.*, 938 N.E.2d 685 (Ind. 2010).  All facts and reasonable inferences drawn from those facts are construed in favor of the non-movant.  *Id.*

[10]    Much of the difficulty in this case has arisen because none of the parties has a complete copy of either Marilyn's original trust document or the amendment to her trust.  In seeking to set aside William III's conveyance of that trust's one-quarter interest to himself, Paul and Brenda have argued the conveyance was invalid because the deed conveying the property should have been executed by both co-trustees (William III and Brenda) but instead was executed solely by William III.  To sustain this argument, Paul and Brenda need to establish the terms of Marilyn's trust and amendment.  Because the parties have only the first and last pages of Marilyn's original trust document, they turned to the series of rules about "best evidence" to prove the content of the trust and the amendment.

[11]    Indiana Evidence Rule 1002 provides that an original writing is required in order to prove its content unless the rules of evidence or a statute provide

otherwise. In the absence of an original, Rule 1004 states that other evidence of the content of a writing is admissible if all originals are lost or destroyed, and the loss or destruction was not caused by the proponent acting in bad faith. Evidence Rule 1007 allows proof of the content of a writing by the testimony, deposition, or written statement of the party against whom the evidence is offered. Finally, Rule 1008 provides:

> Ordinarily, the court determines whether the proponent has fulfilled the factual conditions for admitting other evidence of the content of a writing, recording, or photograph under Rule 1004 or 1005. But in a jury trial, the jury determines in accordance with Rule 104(b) any issue about whether:
>
> > (a) an asserted writing, recording, or photograph ever existed;
> >
> > (b) another one produced at the trial or hearing is the original; or
> >
> > (c) other evidence of content accurately reflects the content.[1]

[12] In the present case, the parties do not contest that the prerequisites of Rule 1004 have been met for the use of secondary evidence. So, turning to the application of Rule 1007 to this case, we observe that the designated evidence includes:

---

[1] Indiana Rule 1008 is identical to Federal Rule 1008.

1) A copy of William Jr.'s First Amendment to his trust;

2) Uncontroverted deposition testimony *of William III* that he saw the First Amendments to the trusts of both his parents and that the only difference was the substitution of names (Appellants' App. Vol. 3, p. 189);

3) The uncontroverted affidavit of Paul stating that he saw the First Amendment to Marilyn's trust shortly after it was signed in December 1993. At that time, his parents showed him their respective First Amendments and explained to him "how they had set up their estates and how their wills and trusts were supposed to work." He read the First Amendments of the trusts of both his parents, and, with the exception of the substitution of names, gender pronouns, and the like where appropriate, Marilyn's First Amendment was the same as William Jr.'s First Amendment (Appellants' App. Vol. 2, pp. 143-44);

4) The uncontroverted affidavit of Paul stating that the last time he saw the original of Marilyn's First Amendment was in early 2009 when William Jr. showed it to him. At that time, Paul read the document, and noted that it was *the same document* he had read in 1993 (*Id.* at 144-45).

This undisputed evidence offered by Paul and Brenda establishes the content of Marilyn's First Amendment to her trust.[2]

---

[2] In its order denying Paul and Brenda's motion for summary judgment, the trial court stated that "it appears that there may be some discrepancies between the contents of the Affidavit of Paul Zartman and his deposition testimony." However, Paul's deposition, though filed with the court during the proceedings, was not designated by either party. The posture of this case is a summary judgment; accordingly, the trial court, and this Court on appeal, may consider *only* the evidence *specifically designated* to the trial court by the parties. *See* Ind. Trial Rule 56(C); *Sheehan Const. Co., Inc.*, 938 N.E.2d 685 (appellate review of summary judgment is limited to materials designated to trial court). Furthermore, designating evidentiary materials in their entirety

[13] However, in denying Paul and Brenda's motion, the court interpreted Rule 1008 as demanding that disputes about the content of a lost writing be decided by a jury. In its order, the court stated:

> 24. Based upon what the parties have reported to the Court, it appears that the requirements of IRE 1004(a) and (b) are satisfied with respect to the documents associated with the establishment and/or operation of the Marilyn M. Zartman Revocable Trust. The Plaintiffs may seek to prove the content of such writings through the application of IRE 1007. *However, IRE 1008(c) provides that the jury is to determine in accordance with IRE 104(b) any issue about whether evidence of the content of such writings accurately reflects the content.*

Appellants' App. Vol. 6, p. 52 (emphasis added).

[14] In a summary judgment context, it would be illogical to read Rule 1008 as requiring a trial judge to disregard completely the undisputed designated evidence as to the content of a lost writing. Rather, the more pragmatic reading of the rule is that it requires evidentiary disputes about the content of a lost writing be determined by a jury only *during a jury trial*. *See* 31 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE § 8064 (2000) ("Where the judge is the trier of fact, the distinctions made by Rule 1008 have little practical import."); 6 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 1004.10 [2] (Mark S. Brodin

---

fails to meet the specificity required by Trial Rule 56(C). *State ex rel. Berkshire v. City of Logansport*, 928 N.E.2d 587 (Ind. Ct. App. 2010), *trans. denied*.

ed., 2d ed. 1997) ("In a nonjury case, the preliminary and final questions often merge."). *See also Fox v. Peck Iron & Metal Co.*, 25 B.R. 674, 680 (Bankr. S.D. Cal. 1982) (stating that when case is tried before court, sitting without a jury, court must make both preliminary and final factual determinations). Indeed, the rule explicitly states that the court determines whether the prerequisites of Rule 1004 have been met for the use of secondary evidence, "[b]ut in a jury trial," the jury determines any issue about the content of the document. Evid. R. 1008.

[15] A leading evidence treatise stresses that the question of whether a party has offered sufficient evidence to prove the contents of a lost writing is a matter for the trier of fact to decide. *See* WEINSTEIN'S FEDERAL EVIDENCE, § 1004.02[1]. Application of the Rule turns on who is the trier of fact in the particular context in which the issue arises—when the issue arises in a jury trial, it is decided by the jury, but when the issue arises in a context other than a jury trial, the court decides the issue. Thus, where, as here, the content of a document is at issue not in the midst of a jury trial but in the context of a motion for summary judgment, it is for the court to decide based on the parties' designated evidence. The trial judge "finds" which facts are not in genuine dispute and which facts are, then uses the undisputed facts to rule on the motion for summary judgment. We note that this reading of Rule 1008 also comports with the dictates of Trial Rule 56.

[16] Although few courts have written on this subject, especially in the context of a summary judgment proceeding, a federal court addressed this very issue in

*Coltec Industries Inc. v. Zurich Insurance Company*, No. 99 C 1087, 2002 WL 31185789 (N.D. Ill. Sept. 30, 2002). There, Coltec moved for summary judgment as to the existence and material terms of lost insurance policies issued by Zurich. The court grappled with the question of whether the best evidence rule entitled Zurich to a jury trial on Coltec's ability to prove the contents of the policies.

[17] Zurich Insurance argued to the court that Federal Rule of Evidence 1008 requires that a jury, not the court, weigh the evidence.[3] The court discussed *Township of Haddon v. Royal Insurance Company of America*, 929 F. Supp. 774 (D.N.J. 1996), where it was determined that because, at common law, most suits to enforce lost instruments were tried in courts of equity, whether a party had established the existence and terms of a lost insurance policy was an equitable issue for which there was no right to a jury trial under the Seventh Amendment. The court stated it was following *Township of Haddon* and concluded that neither party was entitled to a jury trial in the summary judgment phase. *Coltec*, 2002 WL 31185789, at *3. Further, noting that the Rule requires the trier of fact to evaluate the evidence of the contents of a

---

[3] The current version of Federal Rule of Evidence 1008 (which is, as we previously remarked, identical to Indiana's Rule 1008) went into effect in 2011. *Coltec* was decided in 2002 under a different version of the rule; nonetheless, the meaning and application of the rule did not change with the language. *See* Fed. R. Evid. 1008 advisory committee's note (2011) ("The language of Rule 1008 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility.")

missing document, the court confirmed that, for purposes of summary judgment, it was the trier of fact and would decide those issues.

[18] Included in Coltec's evidence offered to prove the contents of the insurance policies were certificates of insurance. In granting summary judgment for Coltec, the court determined that the certificates confirmed the terms of the missing policies and that Zurich offered no evidence to undermine the probative value of the certificates. Similarly here, Paul and Brenda presented evidence in the form of sworn statements of *both* Paul and William III that the First Amendment to Marilyn's trust was identical to that of William Jr., and William III offers no evidence to dispute this.

# Conclusion

[19] Here, the trial court misconstrued its role in determining the contents of Marilyn's trust for purposes of deciding summary judgment, and it erred by taking into account evidence that had not been designated (i.e., a deposition taken of Paul that was in the court's file). We remand so that the trial court can reconsider its ruling on summary judgment in accordance with these directions and sustain the present judgment, or not, accordingly.

[20] Reversed and remanded for reconsideration.

Riley, J., and Kirsch, J., concur.